1  KAREN P. HEWITT
   United States Attorney
2  WILLIAM A. HALL, JR.
   Assistant U.S. Attorney
3  California State Bar No. 253403
   United States Attorney's Office
4  880 Front Street, Room 6293
   San Diego, California 92101-8893
5  Telephone: (619) 557-7046/(619) 235-2757 (Fax)
   Email: william.a.hall@usdoj.gov
6
   Attorneys for Plaintiff
7  United States of America

8                    UNITED STATES DISTRICT COURT

9                   SOUTHERN DISTRICT OF CALIFORNIA

10 | UNITED STATES OF AMERICA,        ) | Criminal Case No. 08CR1628-BEN
   |                                  ) |
11 |                       Plaintiff, ) | DATE:    June 30, 2008
   |                                  ) | TIME:    2:00 p.m.
12 |            v.                    ) | Before Honorable Roger T. Benitez
   |                                  ) |
13 | JOSE MARCOS TAPETE-GONZALEZ,     ) | UNITED STATES' RESPONSE TO
   |                                  ) | DEFENDANT'S MOTIONS TO:
14 |                    Defendant(s). ) |
   |                                  ) | (1) COMPEL DISCOVERY AND
15 |                                  ) |     PRESERVE EVIDENCE;
   |                                  ) | (2) DISMISS INDICTMENT DUE TO
16 |                                  ) |     MISINSTRUCTION OF THE
   |                                  ) |     GRAND JURY; AND
17 |                                  ) | (3) GRANT LEAVE TO FILE
   |                                  ) |     FURTHER MOTIONS
18 |_____) |

19      COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and through its counsel,

20 Karen P. Hewitt, United States Attorney, and William A. Hall, Jr., Assistant U.S. Attorney, and

21 hereby files its Response to Defendant's Motions in the above-referenced case. Said Response is

22 based upon the files and records of this case together with the attached statement of facts and

23 memorandum of points and authorities.

24 //

25 //

26 //

27 //

28

1
2       DATED: June 22, 2008.
3                                       Respectfully submitted,
4                                       KAREN P. HEWITT
                                        United States Attorney
5
6                                       s/ William A. Hall, Jr.
                                        WILLIAM A. HALL, JR.
7                                       Assistant United States Attorney
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28                                          2                          08CR1628-BEN

KAREN P. HEWITT
United States Attorney
WILLIAM A. HALL, JR.
Assistant U.S. Attorney
California State Bar No. 253403
United States Attorney's Office
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-7046/(619) 235-2757 (Fax)
Email: william.a.hall@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | Criminal Case No. 08CR1628-BEN |
|---|---|---|
| Plaintiff, | ) ) | DATE: June 30, 2008 |
| v. | ) ) | TIME: 2:00 p.m. Before Honorable Roger T. Benitez |
| JOSE MARCOS TAPETE-GONZALEZ, | ) ) ) | UNITED STATES' STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES |
| Defendant(s). | ) ) | |

**I**

**STATEMENT OF THE CASE**

The Defendant, Jose Marcos Tapete-Gonzalez (hereinafter "Defendant"), was charged by a grand jury on May 21, 2008, with violating 8 U.S.C. §§ 1326(a) and (b), attempted entry after deportation, and 18 U.S.C. § 1546(a), fraud and misuse of an entry document. Defendant was arraigned on the Indictment on May 27, 2008, and entered a plea of not guilty.

**II**

**STATEMENT OF FACTS**

Defendant was apprehended on April 25, 2008, by Customs and Border Protection ("CBP") Officers at the San Ysidro, California Port of Entry. There, at approximately 12:00 p.m. that

3

afternoon, Defendant made application for admission into the United States via the pedestrian inspection lane. During primary inspection before a United States Customs and Border Protection ("CBP") Officer, Defendant presented a Border Crossing Card (DSP-150) in the name of another person, namely, Miguel Angel Moreno Valdez. When asked, Defendant provided a different date of birth than that on the card. Suspecting that Defendant was an imposter to the document presented, the CBP Officer referred Defendant to secondary for a more thorough inspection.

At secondary inspection, CBP Officers used Defendant's fingerprints to perform a computerized check of Defendant's criminal and immigration history, revealing him to be a previously deported criminal alien.

**B.    DEFENDANT'S CRIMINAL AND IMMIGRATION HISTORY**

Preliminary criminal history reports show that Defendant has several felony convictions in California. Defendant was convicted in 1992 in Los Angeles of two separate counts of Grand Theft Auto, in violation of Cal. PC § 487H(a); he was sentenced to eight months and two years incarceration, respectively, on the two counts. Defendant was convicted in 1997 in Los Angeles of Assault With a Firearm, in violation of Cal. PC § 245(a)(2); he was sentenced to five years incarceration. Defendant was convicted in 2005 in Los Angeles of Possession of a Controlled Substance, in violation of Cal. HS § 11377(a), and Evading a Police Officer, in violation of Cal. VC § 2800.2(A); he was sentenced to four years incarceration. Defendant was also convicted of misdemeanor grand theft in 1988, and misdemeanor burglary in 1990 and 1991.

Defendant's was last removed to Mexico on April 17, 2008.

//
//
//
//
//
//

# III

# MEMORANDUM OF POINTS AND AUTHORITIES

## A. DISCOVERY REQUESTS AND MOTION TO PRESERVE EVIDENCE

### 1. The Government Has or Will Disclose Information Subject To Disclosure Under Rule 16(a)(1)(A) and (B) Of The Federal Rules Of Criminal Procedure

The government has disclosed, or will disclose well in advance of trial, any statements subject to discovery under Fed. R. Crim. P. 16(a)(1)(A) (substance of Defendant's oral statements *in response to government interrogation*) and 16(a)(1)(B) (Defendant's relevant written or recorded statements, written records containing substance of Defendant's oral statements *in response to government interrogation*, and Defendant's grand jury testimony).

#### a. The Government Will Comply With Rule 16(a)(1)(D)

Defendant has already been provided with his or her own "rap" sheet and the government will produce any additional information it uncovers regarding Defendant's criminal record. Any subsequent or prior similar acts of Defendant that the government intends to introduce under Rule 404(b) of the Federal Rules of Evidence will be provided, along with any accompanying reports, at a reasonable time in advance of trial.

#### b. The Government Will Comply With Rule 16(a)(1)(E)

The government will permit Defendant to inspect and copy or photograph all books, papers, documents, data, photographs, tangible objects, buildings or places, or portions thereof, that are material to the preparation of Defendant's defense or are intended for use by the government as evidence-in-chief at trial or were obtained from or belong to Defendant.

Reasonable efforts will be made to preserve relevant physical evidence which is in the custody and control of the investigating agency and the prosecution, with the following exceptions: drug evidence, with the exception of a representative sample, is routinely destroyed after 60 days, and vehicles are routinely and periodically sold at auction. Records of radio transmissions, if they existed, are frequently kept for only a short period of time and may no longer be available.

1    Counsel should contact the Assistant United States Attorney assigned to the case two weeks before
2    the scheduled trial date and the Assistant will make arrangements with the case agent for counsel
3    to view all evidence within the government's possession.

        c.      <u>The Government Will Comply With Rule 16(a)(1)(F)</u>

The government will permit Defendant to inspect and copy or photograph any results or reports of physical or mental examinations, and of scientific tests or experiments, or copies thereof, that are within the possession of the government, and by the exercise of due diligence may become known to the attorney for the government and are material to the preparation of the defense or are intended for use by the government as evidence-in-chief at the trial. Counsel for Defendant should contact the Assistant United States Attorney assigned to the case and the Assistant will make arrangements with the case agent for counsel to view all evidence within the government's possession.

        d.      <u>The Government Will Comply With Its Obligations Under Brady v. Maryland</u>

The government is well aware of and will fully perform its duty under <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), and <u>United States v. Agurs</u>, 427 U.S. 97 (1976), to disclose exculpatory evidence within its possession that is material to the issue of guilt or punishment. Defendant, however, is not entitled to all evidence known or believed to exist that is, or may be, favorable to the accused, or that pertains to the credibility of the government's case. As stated in <u>United States v. Gardner</u>, 611 F.2d 770 (9th Cir. 1980), it must be noted that:

> [T]he prosecution does not have a constitutional duty to disclose every bit of information that might affect the jury's decision; it need only disclose information favorable to the defense that meets the appropriate standard of materiality.

611 F.2d at 774-775 (citations omitted). <u>See</u> <u>also</u> <u>United States v. Sukumolachan</u>, 610 F.2d 685, 687 (9th Cir. 1980) (the government is not required to create exculpatory material that does not exist); <u>United States v. Flores</u>, 540 F.2d 432, 438 (9th Cir. 1976) (<u>Brady</u> does not create any pretrial privileges not contained in the Federal Rules of Criminal Procedure).

1         e.    Discovery Regarding Government Witnesses

2             (1)    Agreements. The government has disclosed or will disclose the terms of any agreements by Government agents, employees, or attorneys with witnesses that testify at trial. Such information will be provided at or before the time of the filing of the Government's trial memorandum.[1] The government will comply with its obligations to disclose impeachment evidence under Giglio v. United States, 405 U.S. 150 (1972).

            (2)    Bias or Prejudice. The government has provided or will provide information related to the bias, prejudice or other motivation to lie of government trial witnesses as required in Napue v. Illinois, 360 U.S. 264 (1959).

            (3)    Criminal Convictions. The government has produced or will produce any criminal convictions of government witnesses plus any *material* criminal acts which did not result in conviction. The government is not aware that any prospective witness is under criminal investigation.

            (4)    Ability to Perceive. The government has produced or will produce any evidence that the ability of a government trial witness to perceive, communicate or tell the truth is impaired or that such witnesses have ever used narcotics or other controlled substances, or are alcoholics.

            (5)    Witness List. The government will endeavor to provide Defendant with a list of all witnesses which it intends to call in its case-in-chief at the time the government's trial memorandum is filed, although delivery of such a list is not required. See United States v. Dischner, 960 F.2d 870 (9th Cir. 1992); United States v. Culter, 806 F.2d 933, 936 (9th Cir. 1986); United States v. Mills, 810 F.2d 907, 910 (9th Cir. 1987). Defendant, however, is not entitled to the production of addresses or phone numbers of possible government witnesses. See United

---

[1] As with all other offers by the government to produce discovery earlier than it is required to do, the offer is made without prejudice. If, as trial approaches, the government is not prepared to make early discovery production, or if there is a strategic reason not to do so as to certain discovery, the government reserves the right to withhold the requested material until the time it is required to be produced pursuant to discovery laws and rules.

7         08CR1628-BEN

1  States v. Thompson, 493 F.2d 305, 309 (9th Cir. 1977), cert. denied, 419 U.S. 834 (1974). Defendant has already received access to the names of potential witnesses in this case in the investigative reports previously provided to him or her.

4  (6) Witnesses Not to Be Called. The government is not required to disclose all evidence it has or to make an accounting to Defendant of the investigative work it has performed. Moore v. Illinois, 408 U.S. 786, 795 (1972); see United States v. Gardner, 611 F.2d 770, 774-775 (9th Cir. 1980). Accordingly, the government objects to any request by Defendant for discovery concerning any individuals whom the government does not intend to call as witnesses.

10  (7) Favorable Statements. The government has disclosed or will disclose the names of witnesses, if any, who have made favorable statements concerning Defendant which meet the requirements of Brady.

13  (8) Review of Personnel Files. The government has requested or will request a review of the personnel files of all federal law enforcement individuals who will be called as witnesses in this case for Brady material. The government will request that counsel for the appropriate federal law enforcement agency conduct such review. United States v. Herring, 83 F.3d 1120 (9th Cir. 1996); see, also, United States v. Jennings, 960 F.2d 1488, 1492 (9th Cir. 1992); United States v. Dominguez-Villa, 954 F.2d 562 (9th Cir. 1992).

19  Pursuant to United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991) and United States v. Cadet, 727 F.2d 1452 (9th Cir. 1984), the United States agrees to "disclose information favorable to the defense that meets the appropriate standard of materiality . . ." United States v. Cadet, 727 F.2d at 1467, 1468. Further, if counsel for the United States is uncertain about the materiality of the information within its possession in such personnel files, the information will be submitted to the Court for in camera inspection and review.

25  (9) Government Witness Statements. Production of witness statements is governed by the Jencks Act, 18 U.S.C. § 3500, and need occur only after the witness testifies

1  on direct examination. United States v. Taylor, 802 F.2d 1108, 1118 (9th Cir. 1986); United States
2  v. Mills, 641 F.2d 785, 790 (9th Cir. 1981)).  Indeed, even material believed to be exculpatory and
3  therefore subject to disclosure under the Brady doctrine, if contained in a witness statement subject
4  to the Jencks Act, need not be revealed until such time as the witness statement is disclosed under
5  the Act.  See United States v. Bernard, 623 F.2d 551, 556-57 (9th Cir. 1979).

6       The government reserves the right to withhold the statements of any particular witnesses
7  it deems necessary until after the witness testifies.  Otherwise, the government will disclose the
8  statements of witnesses at the time of the filing of the government's trial memorandum, provided
9  that defense counsel has complied with Defendant's obligations under Federal Rules of Criminal
10 Procedure 12.1, 12.2, and 16 and 26.2 and provided that defense counsel turn over all "reverse
11 Jencks" statements at that time.

     f.     The Government Objects To The Full Production Of Agents' Handwritten Notes At This Time

14      Although the government has no objection to the preservation of agents' handwritten notes,
15 it objects to requests for full production for immediate examination and inspection.  If certain
16 rough notes become relevant during any evidentiary proceeding, those notes will be made
17 available.

18      Prior production of these notes is not necessary because they are not "statements" within
19 the meaning of the Jencks Act unless they comprise both a substantially verbatim narrative of a
20 witness' assertions *and* they have been approved or adopted by the witness.  United States v.
21 Spencer, 618 F.2d 605, 606-607 (9th Cir. 1980); see also United States v. Griffin, 659 F.2d 932,
22 936-938 (9th Cir. 1981).

     g.     All Investigatory Notes and Arrest Reports

24      The government objects to any request for production of all arrest reports, investigator's
25 notes, memos from arresting officers, and prosecution reports pertaining to Defendant.  Such
26 reports, except to the extent that they include Brady material or the statements of Defendant, are

1   protected from discovery by Rule 16(a)(2) as "reports . . . made by . . . Government agents in
2   connection with the investigation or prosecution of the case."

3   Although agents' reports may have already been produced to the defense, the government
4   is not required to produce such reports, except to the extent they contain Brady or other such
5   material. Furthermore, the government is not required to disclose all evidence it has or to render
6   an accounting to Defendant of the investigative work it has performed. Moore v. Illinois, 408 U.S.
7   786, 795 (1972); see United States v. Gardner, 611 F.2d 770, 774-775 (9th Cir. 1980). If the
8   United States intends to introduce TECS information at trial, discovery of the relevant TECS
9   reports will be made at least by the time of the filing of its trial memorandum.

10   h.   Expert Witnesses.

11   Pursuant to Fed. R. Crim. P. 16(a)(1)(G), at or about the time of filing its trial
12   memorandum, the government will provide the defense with notice of any expert witnesses the
13   testimony of whom the government intends to use under Rules 702, 703, or 705 of the Fed. R. of
14   Evidence in its case-in-chief. Such notice will describe the witnesses' opinions, the bases and the
15   reasons therefor, and the witnesses' qualifications. Reciprocally, the government requests that the
16   defense provide notice of its expert witnesses pursuant to Fed. R. Crim. P. 16(b)(1)(C).

17   i.   Information Which May Result in Lower Sentence.

18   Defendant has claimed or may claim that the government must disclose information about
19   any cooperation or any attempted cooperation with the government as well as any other
20   information affecting Defendant's sentencing guidelines because such information is discoverable
21   under Brady v. Maryland. The government respectfully contends that it has no such disclosure
22   obligations under Brady.

23   The government is not obliged under Brady to furnish a defendant with information which
24   he or she already knows. United States v. Taylor, 802 F.2d 1108, 1118 n.5 (9th Cir. 1986), cert.
25   denied, 479 U.S. 1094 (1987); United States v. Prior, 546 F.2d 1254, 1259 (5th Cir. 1977). Brady
26   is a rule of disclosure. There can be no violation of Brady if the evidence is already known to

28                                                          10                            08CR1628-BEN

1  Defendant.  Assuming that Defendant did not already possess the information about factors
2  which might affect their respective guideline range, the government would not be required to
3  provide information bearing on Defendant's mitigation of punishment until after Defendant's
4  conviction or plea of guilty and prior to his sentencing date.  "No [Brady] violation occurs if the
5  evidence is disclosed to the defendant at a time when the disclosure remains of value."  United
6  States v. Juvenile Male, 864 F.2d 641 (9th Cir. 1988).

### 2. Discovery Related to Immigration History

Defendant has requested or may request additional discovery concerning any audio recording made of any hearing before an Immigration Judge ("deportation tape") and the Alien Registration File ("A-File") associated with Defendant.  The United States has requested or will request any deportation tapes associated with Defendant and will produce them (if they exist) when they arrive.

The United States objects to any request for discovery of Defendant's A-File.  The government is not aware of any controlling authority that stands for the proposition that the A-File is generally discoverable.  The A-File contains information that is not discoverable, such as internal government documents and witness statements.  See Fed. R. Crim. P. 16(a).  Witness statements would not be subject to production until *after* the witness testifies and a *motion* is made by Defendant.  See Fed. R. Crim. P. 26.2.  Thus, the A-File associated with Defendant need not be disclosed.

Defendant has claimed or may claim that the A-File must be disclosed because: (1) it may be used in the United States' case-in-chief; (2) it material to his or her defense; and/or (3) it was obtained from or belongs to him or her.  The United States will turn over documents it intends to use in its case-in-chief. Evidence is material under Brady only if there is a reasonable probability that had it been disclosed to the defense, the result of the proceeding would have been different. United States v. Antonakeas, 255 F.3d 714, 725 (9th Cir. 2001).  However, Defendant has not

1  shown how documents in the A-File that have not already been disclosed are in any way material.
2  Finally, Defendant does not own the A-File. It is an agency record.
3       That all said, should the Court order disclosure of the A-File, the United States will comply
4  as it does in other cases.

**B.  THE GRAND JURY INSTRUCTIONS WERE NOT FAULTY, AND THE INDICTMENT SHOULD NOT BE DISMISSED**

7       Defendant moves to dismiss the indictment against him for alleged errors in the instructions
8  given to the indicting grand jury during its impanelment by the Honorable Larry A. Burns on
9  January 10, 2007. The United States explicitly incorporates by reference its extensive briefing on
10 this issue submitted in United States v. Renovato, 07CR3413-BEN, and United States v. Barron-
11 Galvan, 07CR3469-H. This motion has been denied by each and every court in this district that
12 has considered it, and should also be denied in this case. The United States would be happy to
13 supplement its response and opposition to this motion at the Court's request.

**C.  NO OPPOSITION TO LEAVE TO FILE FURTHER MOTIONS**

15      The United States does not object to the granting of leave to allow Defendant to file further
16 motions, as long as the order applies equally to both parties and additional motions are based on
17 newly discovered evidence or discovery provided by the United States subsequent to the instant
18 motion at issue.
19 //
20 //
21 //
22 //
23 //
24 //
25 //
26 //

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>JOSE MARCOS TAPETE-GONZALEZ,<br><br>Defendant(s). | Case No. 08CR1628-BEN<br><br>CERTIFICATE OF SERVICE |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

IT IS HEREBY CERTIFIED THAT:

    I, WILLIAM A. HALL, JR., am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

    I am not a party to the above-entitled action. I have caused service of UNITED STATES' RESPONSE TO DEFENDANT'S MOTIONS on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

    1. Sara M. Peloquin, Esq.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 22, 2008.

                                                      s/ William A. Hall, Jr.<br>
                                                      WILLIAM A. HALL, JR.